JOHN ZAMELLI, PLAINTIFF-RESPONDENT, v. FRANK TROST, DEFENDANT-APPELLANT.

Argued October 3, 1944—Decided January 19, 1945.

Before Justices PARKER and COLIE.

For the appellant, *Joseph V. Fumagalli* (*Peter Hofstra,* of counsel).

For the respondent, *A. Leon Kohlreiter* (*Archibald Kreiger,* of counsel).

The opinion of the court was delivered by

COLIE, J. John Zamelli instituted suit in the District Court to recover damages from Frank Trost for having "maliciously, wickedly, negligently and with intent to injure this plaintiff, deliberately constructed a ditch on his lands and premises and erected a dam in front thereof so as to deliberately divert water which would accumulate on said land by reason of rainfall or other causes," and thereby caused the water "to flow upon the lands of this plaintiff to the injury and damage of this plaintiff." The facts disclose that the Trost property was somewhat elevated above Zamelli's; that Trost dug a ditch some twenty feet long and a foot deep; that he dammed up one end thereof, causing the water which accumulated therein to flow over and seep into Zamelli's

property and thereby causing the damage complained of. The cause was tried by the court sitting alone and resulted in a judgment of $300 and costs in favor of the plaintiff. Thereafter the present appellant obtained and argued a rule to show cause limited to damages only and the trial judge reduced the judgment to $200 without costs.

Appellant argues before this court that the District Court Judge erred in admitting testimony of the cost of material used by the respondent in repairing the damage to his property caused as aforesaid. The argument on the return of the rule to show cause forecloses appellant from raising in this court, points necessarily embraced in the scope of the rule to show cause. *Cleaves* v. *Yeskel*, 104 *N. J. L.* 497; *Wilday* v. *Panas*, 122 *Id.* 28.

It is next urged that the court erred in certain of its rulings on the admission of evidence. The state of case indicates that the objections were made after the witnesses had answered the questions and that no motions were made to strike the answers from the record. Therefore, no proper basis has been laid for a review of the trial court's rulings in admitting the evidence complained of.

Lastly, we are urged to reverse the judgment on the ground that there is "no liability for damages resulting from the diversion of surface waters by a property owner from his property." In *Bowlsby* v. *Speer*, 31 *N. J. L.* 351, the Supreme Court held "that no right of any kind can be claimed in the mere flow of surface water, and that neither its retention, diversion, repulsion, or altered transmission is an actionable injury, even though damage ensues." This rule was expressly approved in *Jessup* v. *Bamford Bros. Co.*, 66 *Id.* 642. These cases control the decision of this court and we hold that the court below erred in entering judgment for the plaintiff. The judgment under appeal is reversed, with costs.